IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOWARD GOIN and MONA GOIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-564-NJR-DGW |
| | ) | |
| USA and UNITED STATES POSTAL SERVICE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Extension of Time filed by Defendants on January 9, 2015 (Doc. 93) which is **GRANTED IN PART**, the Motion for Independent Medical Evaluation filed by Defendants on January 20, 2015 (Doc. 96) which is **DENIED**, the Motion for Sanctions filed by Defendants on February 3, 2015 (Doc. 99) which is **DENIED**, the Motion for Protective Order filed by Defendants on March 16, 2015 (Doc. 116) which is **GRANTED,** and the Motion to Compel Discovery filed by Defendants on March 20, 2015 (Doc. 118) which is **DENIED**.

This case has had a somewhat tortured history with respect to discovery. That history need not be repeated here. At this point in the litigation, the parties' dispute centers on Plaintiff's (Howard Goins') recent attempts to seek medical care for his knee condition. As explained in a hearing held on February 12, 2015, Plaintiff has sought medical care from his doctor (Dr. Wood); and, in particular, claims that he is in need of total knee replacement surgery, arguably as a result of injuries he allegedly sustained because of the negligence of the Postal Service. Defendants appear to characterize this "new" treatment as disingenuous and seek to conduct an independent

medical examination of Plaintiff in order to, presumably, verify the need for the surgery. Defendants also note that new medical evidence will affect the opinions of their expert (another of Plaintiff's doctors, Dr. Trueblood) and they seek more time to conduct discovery. There also is a dispute (which is not the subject of any motion) over who will pay Dr. Wood a cancellation fee for a deposition that was scheduled in November, 2014 (the deposition was noticed by Defendants). And, Defendants seek a protective order to reschedule Dr. Wood's deposition so that they do not run afoul of state law (which apparently prohibits contact between a treating physician and Defendants' attorney in pending litigation). Finally, Defendants claim that Plaintiff is withholding the mailing address and telephone number of Magma Casting, a company to which Plaintiff allegedly purchased business equipment (related to bullet manufacture) to replace equipment he was forced to sell as a result of the accident at issue.

Complicating these matters are the Motions for Summary Judgment on failure to mitigate and liability filed by Plaintiffs on December 5, 2014 (Docs. 57 and 58, respectively) and the Motion for Summary Judgment on causation filed by Defendants on February 9, 2015 (Doc. 106). The discovery deadline in this matter was January 15, 2015 and the dispositive motion filing deadline was January 30, 2015. A settlement conference was cancelled because Defendants believe that it would be futile; however, Plaintiffs still want a settlement conference even though Defendants have indicated that they will not be offering any amount to settle this matter. A Final Pretrial Conference is set for May 11, 2015 and a Bench Trial is set for June 23, 2015 before the Honorable Nancy J. Rosenstengel.

As to Defendants' request for medical records (namely the recently taken x-ray), this Court finds that Plaintiffs have provided all medical records in their possession and that they have also provided any releases that would allow Defendants to acquire those medical records. To the

extent that Defendants believe that Plaintiffs have withheld any evidence, they may seek its exclusion at trial.

Federal Rule of Civil Procedure 35 provides that this court may order a party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Any motion must be supported by "good cause" and the Court must "specify the time, place, manner, conditions, and scope of the examination . . . ." At first blush, Defendants' Motion appears well taken: Plaintiff apparently provided "new" evidence that he would have to undergo major surgery because of the accident at issue, surgery that was not even contemplated until five years after the accident. However, the arguments made at the February 12, 2015 hearing made clear that Defendants are only now seeking an examination because this "new" medical evidence throws a wrench in their theory of the case and their reliance on Dr. Trueblood. The Motion was filed after the discovery deadline (albeit after a motion for extension of time), and after all significant discovery in this matter should have been concluded.

Defendants should have been aware, at the inception of this litigation, that Plaintiff was claiming an injury to his knee. This is not new information. Defendants could have sought a Rule 35 examination at any point in this litigation; however, they elected to rely solely on Dr. Trueblood's testimony and the fact that Plaintiff did not apparently pursue any meaningful treatment. While this may be a perfectly sound litigation tactic, the fact that the tactic may now be faulty is not good cause to order Plaintiff to undergo a Rule 35 examination.

Defendants are nonetheless expressly **GRANTED** leave to contact Dr. Wood's office to schedule a deposition. Defendants cite to *Petrillo v. Syntex Laboratories, Inc.*, 499 N.E.2d 952 (Ill. App. Ct. 1986) for the proposition that they are barred from contacting Plaintiff's treating physician to schedule a deposition. The Court does not find that the *Petrillo* doctrine leads to

such a conclusion. Rather, the case merely states that an attorney cannot engage in *ex parte* conferences, discussing the merits of the case or other evidence in the case, with a treating physician outside of the discovery process. *Id.* at 959 ("A patient certainly does not, by simply filing suit, consent to his physician discussing that patient's medical confidences with third parties outside court authorized discovery methods, nor does he consent to his physician discussing the patient's confidences in an *ex parte* conference with the patient's legal adversary."); *accord Nastasi v. United Mine Workers of America Union Hosp.*, 567 N.E.2d 1358, 1364-1365 (Ill. App. Ct. 1991). This Court does not read the case so broadly as to suggest that an attorney cannot even contact a treating doctor in order to schedule his deposition (that would be on the record, not *ex parte*, and allowed by the Federal Rules of Civil Procedure). In any event, the Court has been informed by Plaintiffs that Howard Goin has signed a medical waiver that would presumably allow Dr. Wood to discuss hid medical treatment.[1] Defendants may therefore contact Dr. Wood for the sole purpose of scheduling a deposition. Defendants are granted leave to depose Dr. Wood by **April 30, 2015**. To the extent that there is an issue as to Dr. Wood's cancellation fee (and there is no motion before the Court with respect to such a fee), the Court suspects that such a fee would need to be paid prior to Dr. Wood agreeing to schedule a second deposition.

Next, Defendants seek:

> An Order requiring Plaintiff to provide Defendant with the correct identity and the contact information, including but not limited to the mailing address and telephone number for Magma Casting within seven days of the Court's order (Doc. 118, p. 4).

Defendants indicate in a footnote, however that "Mr. Goin previously indicated that he has no records regarding the Magma casting equipment." If Plaintiffs have stated that they have no such

---

[1] And Plaintiffs have implicitly agreed to such a deposition by agreeing to schedule Dr. Wood's deposition on Defendants' behalf.

Page **4** of **6**

information, it is unclear what a Court Order requiring such information would accomplish. In any event, a simple Google search of the term "Magma Casting" reveals the webpage of "Magma Engineering Company," a company that appears to specialize in bullet casting. *See* MAGMA ENGINEERING COMPANY, http://magmaengineering.com/ (last visited April 1, 2015). Such a simple search may have obviated the necessity of a motion and response. Again, if Defendants have good faith basis for believing that Plaintiffs are withholding discoverable information, they may seek its exclusion at trial.

Finally, Defendants ask for additional time to conduct additional discovery. It is unclear what discovery may be necessary in light of the pending Motions for Summary Judgment on liability. No motions pursuant to Rule 56(d) have been filed. If Defendants require additional time to conduct additional discovery, they shall file a motion, no longer than 5 pages, outlining the exact discovery they seek to pursue. Plaintiffs may file a response, if any, within 5 days of service of the motion.

At the hearing, Plaintiffs objected to the cancellation of the settlement conference in this matter on February 11, 2015 (Doc. 107). The conference was cancelled because Defendants indicated that it would be futile. At the hearing, Defendants further reiterated that a settlement conference would be futile because no money would be offered. Plaintiffs strenuously objected to the cancellation of the settlement conference. This Court indicated that, notwithstanding Defendants' representations, it would gratify Plaintiffs' request for a settlement conference. However, upon further and deep reflection, the Court refuses to waste its time and the valuable time and resources of the parties when the party who will satisfy Plaintiffs' demands says they will not. Therefore the Court will not schedule a settlement conference. If Defendants' position on settlement changes, they may so inform the Court; at which time a settlement conference will be

scheduled.

For the reasons outlined above, the Motion for Extension of Time filed by Defendants on January 9, 2015 (Doc. 93) is **GRANTED IN PART**. Defendant shall have until April 30, 2015 to depose Dr. Wood.; the Motion for Independent Medical Evaluation filed by Defendants on January 20, 2015 (Doc. 96) is **DENIED**; the Motion for Sanctions filed by Defendants on February 3, 2015 (Doc. 99) is **DENIED;** the Motion for Protective Order filed by Defendants on March 16, 2015 (Doc. 116) is **GRANTED**, Defendant may contact Dr. Wood to arrange the deposition and deposition costs; and, the Motion to Compel Discovery filed by Defendants on March 20, 2015 (Doc. 118) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 2, 2015**

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**